**NOT FOR PUBLICATION**

MAR 08 2017

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT M. RISE, | No. 15-35716 |
| Petitioner-Appellant, | D.C. No. 2:14-cv-01218-MJP |
| v. | |
| PATRICK GLEBE, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Marsha J. Pechman, District Judge, Presiding

Submitted March 6, 2017**
Seattle, Washington

Before: GRABER, IKUTA, and HURWITZ, Circuit Judges.

Petitioner Robert M. Rise, a Washington state prisoner, appeals the denial of

his 28 U.S.C. § 2254 habeas corpus petition. Petitioner was convicted of child rape

and child molestation. After unsuccessfully pursuing direct appeals and collateral

proceedings in state court, Petitioner brought this action. The district court denied

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes that this case is suitable for decision
without oral argument. Fed. R. App. P. 34(a)(2).

relief but certified two issues for appeal.[1]  Reviewing de novo, <u>Runningeagle v. Ryan</u>, 686 F.3d 758, 766 (9th Cir. 2012), we affirm.

1.  Petitioner claims ineffective assistance of counsel.  He argues that, if he had received accurate advice about his potential sentence, he would have sought and accepted a plea deal.  The state court rejected this claim on the merits on the ground that, even assuming bad advice, Petitioner failed to show, as required by the Supreme Court, a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  <u>Strickland v. Washington</u>, 466 U.S. 668, 694 (1984).  No evidence was presented to the state court that the state prosecutor made or was willing to make a plea offer; that is, there was no plea agreement to lose.  <u>See</u> <u>Lafler v. Cooper</u>, 566 U.S. 156, 168 (2012) (explaining that, "[i]f no plea offer is made," the issue of "effective assistance of counsel in considering whether to accept it . . . simply does not arise"); <u>Cullen v. Pinholster</u>, 563 U.S. 170, 181 (2011) (holding "that review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits").  The state court's ruling did not constitute an

---

[1] Petitioner briefs additional uncertified issues.  They do not meet the criteria for certification, <u>see</u> <u>Slack v. McDaniel</u>, 529 U.S. 473, 483–84 (2000) (requiring a "substantial showing of the denial of a constitutional right"), and, construing the briefing as a motion to consider those issues, <u>see</u> 9th Cir. R. 22-1(e), we deny the motion.

"unreasonable determination of the facts in light of the evidence presented in the State court proceeding," 28 U.S.C. § 2254(d)(2), nor a decision that was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," id. § 2254(d)(1).

2. Petitioner also claims that the prosecutor improperly vouched for the victim and engaged in misconduct during argument to the jury. The state court reasonably interpreted the prosecutor's comments as inferences from the evidence, rather than a personal endorsement of the victim's credibility. The state court reasonably concluded, too, that the challenged comments, even if questionable, did not render the trial unfair when taken in context, which included curative jury instructions. See Darden v. Wainwright, 477 U.S. 168, 181 (1986) (explaining that "[t]he relevant question is whether the prosecutors' comments so infected the trial with unfairness as to make the resulting conviction a denial of due process" (internal quotation marks omitted)). That adjudication was not an unreasonable application of clearly established federal law and therefore does not warrant relief under 28 U.S.C. § 2254(d)(1).

**AFFIRMED.**